IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIM GRAVES,

        Plaintiff,

v.                                                                                                  No. CIV 08-0088 JB/LFG

ALBUQUERQUE POLICE DEPARTMENT
OF THE CITY OF ALBUQUERQUE, N.M.,
A.P.D. WESTSIDE NARCOTICS DIVISION
OF THE CITY OF ALBUQUERQUE, N.M.
UNDER BIVENS, 403 U.S. 388, 91 S. CT. 1998 (1971),
A.P.D. NARCOTIC DETECTIVE L. TOWNSEND (# 2560),
A.P.D. NARCOTIC DETECTIVE J.M. WHISONANT (# 2316),
JOHN DOE I AND JOHN DOE II,

        Defendants.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

      This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Graves's civil rights Complaint filed on January 24, 2008. Graves is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will order Graves to show cause why his Complaint should not be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). The Tenth Circuit has ruled that a complaint may be

dismissed *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *cf. United States v. Mitchell*, 518 F.3d 740, 750-51 (10th Cir. 2008) (addressing timeliness of notice of appeal). In reviewing Graves's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that in August, 2002, Graves was visiting friends at an apartment in Albuquerque. Through the kitchen window he saw members of the Albuquerque Police Department's Westside Narcotics Division, wearing face masks and carrying firearms, approaching the apartment. Graves ran from the apartment but was stopped several blocks away. Presumably as part of a search, and in the presence of females, the officers required Graves to drop his pants and bend over. The officers did not have a warrant to search or arrest Graves. Graves alleges that Defendants' conduct was racially motivated and violated a number of Graves's constitutional protections. He was subsequently charged with possession of crack cocaine. The Complaint asks for equitable relief and damages.

As indicated by the dates above, Graves filed his complaint more than five years after the events that he depicts. The period of limitation for a § 1983 action is the state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and New Mexico has enacted a three-year limitation on personal injury claims, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Because the alleged injury occurred more than five years before Graves filed his complaint, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (explaining that a § 1983 claim accrues when a plaintiff knows or has reason to know of

injury), the limitation period applicable to his claims has long expired. Graves will be required to show cause why his Complaint should not be dismissed.

    IT IS THEREFORE ORDERED that, within fourteen (14) days from entry of this Order, Graves may file a response showing cause, if any, why his Complaint should not be dismissed as untimely filed.

                                      *Lorenzo F. Garcia*
                                  Lorenzo F. Garcia
                                  Chief United States Magistrate Judge