IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIM GRAVES,

      Plaintiff,

v.                                                                                                No. CIV 08-0088  JB/LFG

ALBUQUERQUE POLICE DEPARTMENT
OF THE CITY OF ALBUQUERQUE, N.M.,
A.P.D. WESTSIDE NARCOTICS DIVISION
OF THE CITY OF ALBUQUERQUE, N.M.
UNDER BIVENS, 403 U.S. 388, 91 S. CT. 1998 (1971),
A.P.D. NARCOTIC DETECTIVE L. TOWNSEND (# 2560),
A.P.D. NARCOTIC DETECTIVE J.M. WHISONANT (# 2316),
JOHN DOE I AND JOHN DOE II,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Tim Graves's response to the order to show cause entered on May 19, 2008.  According to the Complaint that Graves filed on January 24, 2008, his claims arose from events that occurred in 2002.  To show cause, the Magistrate Judge observed that Graves had filed his Complaint more than five years after the alleged events.  The Magistrate Judge directed Graves to show cause why his Complaint should not be dismissed as untimely.  In his response, Graves alleges that he was unable to determine that he had a valid complaint until recently, when another inmate was assisting him.

      The allegations in Graves's response do not support tolling of the limitation period applicable to his action under 42 U.S.C. § 1983.  First, as the Magistrate Judge noted in the order to show cause, a § 1983 claim accrues when a plaintiff knows or has reason to know of an injury. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *Smith v. City of Enid*, 149 F.3d 1151,


1154 (10th Cir. 1998). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' " *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). "Absent a litigant raising a convincing reason why the court should depart from this general rule, ignorance of the law is not grounds for tolling the statute of limitations." *McCoy v. Damron*, 9 F. App'x 994, 996 (10th Cir. 2001). *See United States v. Kubrick*, 444 U.S. 111, 123 (1979) ("A plaintiff . . . , armed with the facts about the harm done to him, can protect himself by seeking advice."). The limitation period applicable to Graves' claims accrued when he was searched in 2002 and had long expired by the time he filed his Complaint in 2008. Neither the Complaint nor the response presents "a convincing reason," *McCoy v. Damron*, 9 F. App'x at 996, for tolling the limitation period, and the Court will dismiss this § 1983 Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff Graves's Complaint is dismissed with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE